```
              THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

GIACALONE HEALTHCARE, INC.              :
                                        :
    Plaintiff                           :
                                        :
v.                                      : Case No. 3:11-CV-2331
                                        :
HIGHMARK BLUE CROSS BLUE SHIELD         :
                                        :
    Defendant                           : (JUDGE RICHARD P. CONABOY)
                                        :

_____

**Memorandum**

**I.  Background.**

Plaintiff Giacalone Healthcare, Inc. ("Plaintiff" or Giacalone") initiated this matter by a Complaint filed in the Monroe County Court of Common Pleas in November of 2011. Defendant Highmark Blue Cross Blue Shield ("Defendant" or "Highmark") filed a Notice of Removal (Doc. 1) to this Court on December 16, 2011 based upon the fact that Giacalone's Complaint was made pursuant to a federal statute, specifically, the Federal Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132 et seq. Plaintiff did not contest removal and this Court assumed jurisdiction over this matter on December 20, 2011.

This case involves Giacalone's claim that, as an "out-of-network" healthcare provider, it provided chiropractic services to Highmark insureds that were covered by the contracts between those

1

insured persons and Highmark. [1]  Giacalone contends further that these insured persons executed assignments under which Giacalone should be paid directly by Highmark for the covered services rendered and that Highmark has refused to make such payments.

This case has been plagued by discovery disputes characterized by Highmark's assertion that Giacalone would not comply with reasonable discovery requests and Giacalone's assertion that, for reasons beyond its control, it could not provide the discovery Highmark sought.  For an extended period of time Giacalone's ability to respond was impeded by the fact that the Pennsylvania Insurance Fraud Task Force had seized its computerized files. [2] Ultimately, after granting several continuances to Giacalone, this Court granted Highmark's Motion for Sanctions (Doc. 40) by Order (Doc. 45) of April 15, 2013 to the extent that monetary penalties were assessed against Giacalone for its failure to respond to the discovery request within a reasonable time.  The Court, however, determined further that summary dismissal of the case would be inappropriate on this basis.

When Giacalone finally responded to Highmark's production requests, Highmark filed its Renewed Motion to Dismiss as Sanctions

---

[1] Two other counts of Giacalone's Complaint, one for services rendered as an "in-network-provider" and one for interference with a prospective contractual relationship, have been dismissed. See Document 7.

[2] The filed were ultimately returned to Giacalone and this Court is unaware of any criminal charges against Giacalone.  Indeed, even if a criminal charge had resulted, unproven allegations of fraud could not affect this Court's deliberations in this civil action.

2

for Continued Discovery Violations (Doc. 54) that characterized Giacalone's responses as a "document dump" that did not reasonably comply with the production requests this Court had approved. See Doc. 54 at 3-4. This Court determined that dismissal of this case on the basis that Highmark was dissatisfied with the documentation received pursuant to its production requests would be inappropriate and denied Highmark's motion (Doc. 54) by Order (Doc. 67) dated August 1, 2013.

The Court now confronts Highmark's Motion for Summary Judgment (Doc. 61). That motion has been briefed by the parties (Docs. 62, 64, and 66) and is now ripe for disposition. Highmark makes three discrete arguments: (1) that Giacalone, as an assignee of ERISA participants, does not have standing to sue under ERISA; (2) that, even if Giacalone has standing to sue, the Insurance Verification Forms it seeks to characterize as assignments are not true assignments; and (3) that Giacalone will be unable at trial to produce evidence from which a reasonable fact finder could conclude that it (Giacalone) is owed any sum by Highmark. For the reasons discussed below, we conclude that Highmark's Motion for Summary Judgment must be granted.

**II. Summary Judgment Standard.**

Summary judgment is appropriate when the movant demonstrates there is no "genuine issue as to any material fact." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of

3

some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

"An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson, 477 U.S. at 248). In determining whether a genuine issue of fact exists, a court must resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party. Conoshenti v. Public Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004).

The initial burden is on the moving party to show an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986) (citations omitted). The moving party may meet this burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof." Id. at 325. The non-moving party may not rest on the bare allegations contained in his or her pleadings, but is required by Federal Rule of Civil Procedure 56 to go beyond the pleadings by way of affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give

4

rise to a genuine issue. Id. at 324.

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of evidence." Anderson, 477 U.S. at 255. Therefore, when evidentiary facts are in dispute, when the credibility of witnesses may be in issue, or when conflicting evidence must be weighed, a full trial is usually necessary.

**III. Legal Discussion.**

    **A.    Highmark's Argument on Standing.**

Highmark's assertion that Giacalone lacks standing to sue under ERISA as an assignee of Highmark's insureds is supported by four district court cases from other districts of the Third Circuit (Doc. 66 at 3). Each of these cases came to the conclusion Highmark would have this Court reach by citation to Northeast Dept. ILGWU Health Welfare Fund v. Teamsters Local Union No. 229 (hereinafter "ILGWU"), 764 F.2d 147 (3d. Cir. 1985). Each of these cases cites ILGWU for the proposition that assignees of ERISA plan participants - - like the Highmark insureds in the instant case - - categorically may not sue in federal court by standing in the shoes of their assignors. However, as Highmark itself acknowledges (Doc. 66 at 3, n. 3): "The Third Circuit has not decided whether an alleged assignee of planned benefits has standing to enforce such rights under Section 1132." The ILGWU panel's allusion to the ability of an assignee of an ERISA participant to sue in federal

5

court was dicta and nothing more. Consequently, this Court sees little precedential value in cases that categorically rely upon ILGWU for a determination not reached in that case.

Indeed, 19 years after ILGWU was decided, a different panel of the Third Circuit recognized that there is a continued dispute regarding whether an assignee of a § 502(a) participant or beneficiary has standing to maintain an ERISA claim. In Pasack valley Hospital, Inc. V. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393 (3d. Cir. 2004), a Third Circuit panel acknowledged that various district courts had disagreed as to the scope of ILGWU. The Pasack Valley court stated: "Almost every circuit to have considered the question has held that a healthcare provider can assert a claim under § 502(a) where a beneficiary or participant has assigned to the provider that individuals's right to benefits under the plan, (citations omitted), but as the issue is not squarely before us, we express no opinion on it." Id. at 401, n. 7.

Given the lack of a clear Third Circuit pronouncement on the ability of an assignee to maintain an ERISA claim, this Court finds most persuasive the weight of authority from other circuits, holding such assignments to be valid.[3] Accordingly, the Court finds that as an assignee of a §502 plan participant(s), Giacalone has standing to pursue the instant claim and Highmark's Motion for Summary Judgment on this point must be denied.

**B.  Highmark's Argument Regarding the Validity of the Assignment.**

Highmark argues that, even if an assignee of an ERISA participant or a beneficiary may maintain an ERISA action, the document relied upon by Giacalone is technically insufficient to constitute such an assignment.  In support of this proposition, Highmark relies upon Demaria v. Horizon Healthcare Services, Inc., 2012 WL 5472116 (d. New Jersey 2012), a case holding that a patient's mere assignment of his right to receive payment under an ERISA plan cannot be construed as a total assignment conferring upon the assignee the right to bring suit to obtain payment. (Doc. 62 at 6; 66 at 4).  Demaria, supra, relied upon Franco v.

---

[3] See I.V. Services of A., Inc. v. Trustees of the Am. Consulting Engineers Counsel Ins. Trust Fund, 136 F.3d 114 (2d. Cir. 1998); Yarde v. Pan Am. Life Insurance Co., 67 F.3d 298 (4th Cir. 1995); Herman Hospital v. MEBA Medical and Benefits Plan, 845 F.2d 1286 (5th Cir. 1998); Cromwell v. Equicorp-Equitable HCA Corp., 944 F.2d 1272 (6th Cir. 1991); Lutheran Medical Center of Omaha v. Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan, 25 F.3d 616 (8th Cir. 1994); Misic v. Building Services Employees Health and Welfare Trust, 789 F.2d 1374 (9th Cir. 1986); and Cagle v. Brunner, 112 F.3d 1510 (11th Cir. 1997).

Connecticut General Life Insurance Company, 818 F. Supp. 2.D 792 (D. New Jersey 2011) as support for its decision regarding what language is necessary to assign ERISA rights. Having read both these cases thoroughly, the Court notes that their restrictive view of what language is necessary to transform an assignment of the right to receive payments pursuant to an ERISA plan into the right to sue to receive those payments is unsupported by any appellate authority and, accordingly, is not binding on this Court.

As a general matter, no particular form of language or terms of art are required to create a valid assignment. Lerman v. Joyce International, Inc., 10 F.3d 106, 112 (ed. Cir. 1993). In this case, Giacalone's patient executed an Insurance Verification Form that provided, in pertinent part: "I authorize payment from my insurance carrier directly to this office with the understanding that all monies will be credited to my account upon receipt." This Court perceives no reason why an assignment of the right to receive payment such as that conferred upon Giacalone by its patients does not implicitly include the right to take whatever action is necessary to secure payment. Concomitantly, this Court, absent some clear pronouncement to the contrary from the Third Circuit, will not rule that some magic language is necessary for a patient to assign his rights under an ERISA plan to a health care provider. Highmark's Motion for Summary Judgment based upon the concept that Giacalone is not an assignee of the patients who executed the

8

aforementioned Insurance Verification Form is denied.

**C. Highmark's Argument that Giacalone's Claim Should be Dismissed for Failure to Produce the Underlying Plan Document.**

Highmark correctly cites Hooven v. Exxon Mobil Corporation, 465 F.3d 566, 574 (3d. Cir. 2006) for the proposition that a plaintiff seeking ERISA benefits "must demonstrate that the benefits are actually 'due'; that is, he or she must have a right to benefits that is legally enforceable against the plan." (Doc. 62 at 8). Highmark also relies upon Saltzman v. Independence Blue Cross, 634 F.Supp. 2d 538 (E.D.Pa. 2009) in asserting that medical benefits under an ERISA plan can be obtained only by demonstrating a contractual entitlement to such benefits. Finally, Highmark argues that a necessary prerequisite to a court's determination that benefits are owed under an ERISA plan is that the Court be given an opportunity to review the specific provision of the plan under which the benefits sought are allegedly due. Broad Street Surgical Center, LLC v. United Health Group, Inc. 2012 WL 762498 (D. New Jersey 2012).

In this case the plaintiff has not presented the Court with the plan which would be the necessary source for the benefits it seeks. The Court, as a result, is operating in a vacuum here. There is simply no way for this Court to determine whether Giacalone is owed anything without the ability to review the plan.

9

As the plaintiff in this case, it was Giacalone's obligation to present the plan that covered his patients to afford the Court the opportunity to determine whether chiropractic services of any kind were approved for payment thereunder. Giacalone has failed to take this fundamental step.

Highmark has established the fact that an element necessary to the survival of this action, the plan under which Giacalone claims benefits, is not in evidence before the Court. That being the case, it was incumbent upon Giacalone to produce the plan (preferably accompanied by an affidavit or deposition testimony from a plan participant indicating that he had been treated by Giacalone for a "covered service" and that Highmark had refused to pay) to enable this Court to determine whether there was evidence sufficient to permit this action to go forward. Giacalone has simply not done this. Rather, it has rested on the bare allegations of its pleadings when some evidentiary basis for the survival of this action needed to be adduced. See Rule 56(e)(2) of the Federal Rules of Civil Procedure; also Celotex Corporation, supra, at 324.

Giacalone's abject failure to produce an evidentiary basis upon which a reasonable fact finder could rule in its favor is fatal to this cause of action. Highmark's Motion for Summary Judgment predicated on Giacalone's failure to produce evidence of a necessary prerequisite of its claim must be granted.

**IV. Conclusion.**

An Order consistent with the above findings will be filed contemporaneously herewith.

<u>S/Richard P. Conaboy</u>
Honorable Richard P. Conaboy
United States District Court

Dated:__October 18, 2013_____

11